## JUNE TERM,

## 1836. (a)

JOHN GRAHAM, Adm'r of JOHN TRAVERSE, deceased, defendant below, plaintiff in error *vs.* JOHN CAIN, an infant, &c., by WIILLLIAM SIPPLE, his guardian, plaintiff below, defendant in error.

The act of limitation cannot be pleaded to an action brought by an infant, and where the infancy appears on the record.

If the defendant would deny the infancy, he must plead in abatement.

Writ of error to the Superior Court for Kent county.

Coram Johns Jr., Chancellor, Harrington, and Layton, Justices of the Superior Court.

This was an action of debt on a guardian bond. The narr. commenced in the usual form: "And, thereupon, the said John Cain, by William Sipple, who is admitted by the court here to prosecute for the said John Cain, who is an infant within the age of twenty-one years, as the guardian of the said John Cain, complains, for that, whereas," &c. &c., setting out the guardian bond of John Traverse as guardian of the plaintiff, and assigning breaches thereon. A rule was laid on the defendant to plead by the second rule day in vacation. The defendant pleaded *non est factum*, payment, discount, and the act of limitations; and rule on plaintiff to reply by the third rule day in vacation, or judgment of *non pros.* Replications were entered generally, and issues taken on all the pleas except the plea of the statute of limitation, and as to that the plaintiff replied, *infancy.* In this state of the pleadings the jury was sworn, and the plaintiff below had a verdict, and judgment of assets *nisi.*

The errors assigned were:

1st. "For that the said plea of the act of limitation in the said

(a) *Memorandum.*—In the vacation to wit: on the 25th of May 1836, the Hon. Peter Robinson, associate judge of the Superior Court died, the day after his return from the court at New Castle. The Hon. Caleb S. Layton, of Sussex, was appointed to the vacancy occasioned by Judge Robinson's death, and took his seat at the present term.

cause above pleaded, never proceeded to any issue, nor was any issue formed or joined thereon between the said parties; and because that no issue was ever joined or formed on the said replication of infancy in the said cause, replied to the said plea of the statute of limitations; nevertheless the said cause proceeded, and went to trial before the said jury upon the issues joined in the cause, and the said jury rendered the said verdict therein in manner aforesaid, and final judgment was rendered thereon in said case.

2d. For that final judgment was rendered in said cause, whereas the said cause, or at least a part of the said cause, and a part of the pleas therein were not put at issue.

3d. For that no issue was or has been joined on the said plea of the act of limitations.

4th. For that no issue was made up or formed, or joined on the said replication of infancy.

5th. For that said judgment was final in the said cause."

*Frame*, for plaintiff in error:

The simple question before the court is, whether a trial of a cause without issue joined on a distinct plea, presenting substantive matter of defence, is good. The replication of infancy to the plea of the statute, admits of a great variety of answers, but none has been made to this. The jury could not decide any thing but what was presented to them by the issues in the cause; *non constat*, therefore, even after verdict, that this cause of action was not barred by lapse of time. The court cannot do otherwise, therefore, than reverse, and remand the cause with a view to re-trial on all the pleas.

*J. M. Clayton*, for defendant in error:

The plaintiff replied to all the pleas pleaded by defendant, including that of the act of limitations; he, therefore, did all that was incumbent on him towards forming the issues on all the pleas. The defendant made up the issue on all the pleas but the last, and went to trial. It was for him to carry on the pleadings as to this branch of the defence if he chose; the plaintiff had answered his plea by a replication of infancy, without noticing which he joined issue on the other points, and went down to trial. Shall he now be permitted to take advantage of his own wrong, and escape the consequences of a verdict against him by neglecting to raise an issue on his plea of the statute? By the rules, a day is given after replication for the defendant to rejoin, and if the rejoinder be not entered on the rule day, it is the duty of the prothonotary to enter judgment. This court will, therefore, consider as done that which its officer ought to have done—hold the verdict and judgment good as to the issues joined—and consider judgment as signed for want of a rejoinder to the re-

plication, to the plea of the statute. And, at most, if the court should be of opinion that the verdict and judgment below can't stand for want of proper issues, they will not send the cause back for trial again of all the issues, but only of the plea of the statute.

*Bates,* for defendant in error:

The fact is, that this issue was *tried* below, all parties supposing it to have been in fact, made up on the record. But the record does not show it, and we are to inquire whether this is fatal, or may it be amended. Perhaps the most regular course would be to move for leave to amend the record in conformity with the fact; or, if it be insisted that there is here nothing to amend by, suggest diminution and make the application in the court below.

But we think the defect in the record is not fatal. Whose fault was it that an issue was not made up on this plea? The defendant's. Shall he then be permitted to take advantage of his own wrong. If he knew the fact that the issue was not entered, when he went to trial and produced testimony on that very issue, he should not now be permitted to take advantage of the omission; if he was not aware of it, it only shows that all parties acted on the common error.

Again : there needed no rejoinder to make the issue; a similiter would have done it; and it was the duty of the clerk to add the similiter; and if omitted, will be entered at any time by the court. 1 *Chitty Pl.* 587. A similiter may be entered after verdict. 5 *Taunt.* 164. When a party had gone down to trial without a traverse, the court permitted the traverse to be added afterwards. 8 *Del. Laws* 43. After judgment, the court may make any amendment tending to produce justice. 4 *Bos. & Pul.* 28 ; *Grundy* vs. *Mell;* 2 *Saund. Rep.* 319, *n.* 6.; *Corrp.* 407 ; 3 *Term. Rep.* 659 ; 7 *Ib.* 474 ; 1 *Stark. Ev.* 323 ; 2 *Tidd* 829 ; 1 *Chitty* 648, 650 ; 3 *Hen. & Mumf.* 388. And the court will regard the settled practice, which is, after the substantial pleadings are put in, to leave the entry of the formal parts, such as the similiter, to the clerk.

Again: the narr. shows that the plaintiff below was an infant. There could, therefore, be no act of limitations applicable to him. The plaintiff is yet an infant, and sues by guardian. If then a verdict had been found for defendant on the plea of the statute, there must have been a new trial, or the court would have rendered judgment *non obstante veredicto;* 1 *Chitty Plead.* 649, 650; because it is apparent from the record that the plea of the act of limitations cannot avail.

*Frame,* in reply :

This being the suit of a person who calls himself a minor, is the court to say that it is so? And much less will they say that it can-

not be proved not to be so. Does it follow that if the plaintiff was an infant at the time of suit brought, he was so at the time of the trial? The defendant by his plea put this question before the court and jury; he is entitled to have it tried; there is a general verdict and judgment against him without trying it, and we alledge this for error. It has been asked, whose fault it was that an issue was not made up on this plea. Undoubtedly the plaintiff's. He goes to the jury on such issues as he chooses to make up. And if to raise an issue on any plea a further act of the defendant was necessary, the plaintiff could compel him to do it by laying rules. And this answers Mr. Clayton's suggestion that it was the duty of the prothonotary to sign a judgment for want of a rejoinder. There was no rule for a rejoinder, and the prothonotary could do no such thing. And if the plaintiff has not laid such rules as would bring his cause to a proper issue, can he complain that we did not volunteer to make up the issues for him?

Then as to amendments. This is not an application for leave to amend made to the court where the cause was tried, and where the judges' notes could be resorted to for matter to amend by; we are now on a writ of error in a court of the last resort, without any thing to amend by, and it is sought to correct a record here. If such an amendment could be allowed in the court below on diminution alledged, which I do not admit, it cannot be done in this court. I know of no matter of amendment which this court could be rightfully called on to make, unless it should be some omission or default of their own clerk. But the defect in this record would not be amendable even in the court below. An *informal* issue may be cured by or amended after verdict; but where there is no issue, nothing can cure it, nor is it amendable. *Saund. Plead. & Ev.* To set about amending this record the court must *make* an issue which they have no evidence before them that the jury ever tried, and which they could not have tried, as they were not sworn to try it. 4 *Bos. & Pul.* 28, is the case of an informal or defective issue merely. *Cowper* the same; 3 *Term Rep.* 659, is not even a case of informal issue, but merely of an omission in making up the record to state an issue which was in fact tried. 1 *Chitty*, 587, is to the effect that a similiter may be added where the mere addition of a similiter would make the issue, which is not this case as Mr. Bates has supposed. If the replication of infancy were drawn out it would not even tender an issue, but conclude with a verification. The rejoinder tenders the issue, and to that the similiter might be added; for this can only be on a tender of issue. 2 *Chitty*, 384. Our act of assembly, 8 v. 44, does not enlarge the common law power of amendment, or

the power given by the constitution. This is neither a clerical mistake, nor is there matter to amend by.

*By the Court:*

LAYTON, *Justice.*—The question in this case is one of pleading, which, however, involves no very important principle.

It appears from the record of the cause, that an action of debt was brought on a guardian bond, to the October term 1835, of the Superior Court, in Kent county, by John Cain, an infant under the age of twenty-one years, by his guardian, William Sipple, against John Graham, administrator of John Traverse, deceased, the former guardian of said minor. The guardian bond is dated the ninth day of August, eighteen hundred and twenty-four. The defendant below, pleaded " Non est factum, payment, discount, and the act of limitations." Replications and issues were entered to all the pleas, except to that of the act of limitation, as to which the plaintiff below replied his infancy. To this replication there was no rejoinder, or issue entered of record. The parties went down to trial, and a verdict was found for the plaintiff, on which the court entered judgment generally. The plaintiff in error, who was defendant below, assigns this for error.

The point of objection is, that the parties went on to trial, and that a general verdict and judgment thereon were entered, without issue having been joined on the replication of infancy, to the plea of the act of limitation.

It is argued by the counsel for the plaintiff in error, that the judgment in this cause was final, on a plea on which no issue was joined ; that there being other pleas and issues, this judgment is erroneous ; and that an immaterial issue, or where there is no issue, can't be cured by a verdict.

The court do not consider this to be a case of an immaterial issue ; nor is it necessary to consider the question whether the error, if any, be amendable. The first section of the act of assembly " concerning defects in legal proceedings" 8 *vol. Del. L. p.* 44, declares that " judgment shall not be arrested nor reversed, for any clerical misprision, or formal defect whatever, if upon the whole record there appears substantial ground for the judgment."

The only material question in the cause, is whether the defendant can plead the act of limitation to an action of debt by an infant, who is recognized as such by the court, for whom a guardian ad litem has been appointed, and whom the defendant himself recognizes as such, by his appearing to the action and pleading over.

It is one of the *qualities* of a plea in bar "that it must be adapted to the nature and form of the action, and also be *conformable* to the

count." 1 *Chit. Pl.* 509 ; *Co. Lit.* 303, *a.* 285 *b*; *Bac. Ab. Pleas I. ;* 1 *Rol. Rep.* 216.

Thus " if a defendant plead a plea not adapted to the nature of the action, as *nil debet* in assumpsit, or *non-assumpsit* in debt, the plaintiff may treat it as a nullity, and sign judgment." *Barnes* 257 ; 6 *East* 549. And if an assignee of a bankrupt declare that the defendant was indebted to the bankrupt, and promised the plaintiff, as assignee, to pay him, the defendant cannot plead that the cause of action did not accrue to the bankrupt within six years, because the plea does not answer the promise in the declaration, and precludes the plaintiff from proving a promise to himself, and is bad therefore on demurrer. 2 *Stra.* 919 ; 2 *Hen. Bla.* 561 ; 2 *Saund.* 63, *a.* ; 1 *Rol. Rep.* 216. And " it hath been holden, that if an infant, during his infancy, by his guardian, bring an action, the defendant cannot plead the statute of limitation ; although the cause of action accrued six years before, and the words of the statute are, that after his coming of age, &c. 2 *Saund. Rep.* 121.

In the case now under consideration, the plaintiff need not have replied his infancy, the plea would have been had on demurrer, or he might have treated it as a nullity. The statute has expressly excluded him from its operation, and secured his interests, and he may commence his action, by his guardian or next friend, at any time during his infancy.

The only way in which a defendant can except to the capacity of the plaintiff to sue, is by a plea in abatement. If the defendant in this cause, had entertained any doubt as to the character or capacity of the plaintiff, he should have filed his plea in abatement, by which he could have tried the question of infancy. He has not availed himself of this plea, but has entered one which the court think is not applicable to the case, or in conformity to the plaintiff's declaration. It appears from the issues in the cause, that this case has been tried upon its merits, and judgment having been rendered for the plaintiff below, the court are of the opinion that, " upon the whole record, there appears substantial ground for the judgment," and that the judgment below must be affirmed.

Judgment affirmed.

*Frame,* for plaintiff in error.
*J. M. Clayton* and *Bates,* for defendant in error.